Pérez, Appellant, v. Registrar of San Germán,
Respondent.

Appeal from a Decision of the Registrar of Property
Refusing to Record a Contract of Partition.

No. 498.—Decided July 5, 1921.

Record of Title—Registration—Natural Children—Legal Representative—
Minors.—The registration of a natural child amounts *prima facie* to an
acknowledgment by the mother, although she may not have appeared per-
sonally to register her child. Hence, the natural mother of certain minors
who are registered as her natural children has authority to represent them
in the execution of a deed of consolidation and partition of properties of
the estate of their father wherein the minors have an interest.

The facts are stated in the opinion.

*Mr. B. Forés* for the appellant.

The respondent appeared by brief.

Mr. Justice Aldrey delivered the opinion of the court.

By public deed No. 26 of May 31, 1919, the heirs of Fran-
cisco Pérez Vilanova, those who were of age appearing in
their own behalf and the minors being represented by their
mother, Juana López, consolidated several properties left by
him and in the same deed divided among themselves the
property so formed by the consolidation.

This deed was presented for record in the Registry of
Property of San Germán accompanied by the following docu-
ments: Civil register birth certificates of the said minors
wherein they appear to have been acknowledged by Juana
López as her natural children; notarial copy of the will of
Juana López made on April 20, 1921, in which she acknowl-
edged the said minors and others who are of age as her
natural children, and a notarial copy of another deed exe-
cuted on the same day wherein Leopoldina Pérez López, one
of the said minors who had become of age, and Juana López,
representing her other children who were still minors, rati-
fied the deed of consolidation and division of May 31, 1919.

After an examination of these documents the registrar

endorsed on the deed of consolidation and division the following decision:

"The foregoing document, deed No. 26 executed in the ward of Llanos, Lajas, on May 31, 1919, before notary Ricardo del Toro Soler, is recorded as regards the consolidation of properties at folio 232 of volume 27 of the Municipality of Lajas, property number 1377, first inscription, and record thereof is denied as to the allotment therein made to Eduardo Arcadio Pérez y López, which is the only one sought to be recorded, and a cautionary notice is entered for 120 days in the name of the said Pérez y López at folio 238 of the said volume 27 of Lajas, property number 1378, entry letter A, for the following reasons: Because the minors mentioned in the deed having been represented in the said division of the community property by Juana López, who claims to be their mother with *patria potestas* over them, it has been shown by documentary evidence that she had no such capacity on the day of the execution of the deed, and in such circumstances the said division should have been approved by the jurisdictional court, the lack of that requisite being an incurable defect which prevents the record of the deed of partition, and this defect must necessarily be considered in passing upon the document, although it is only sought to record the allotment made to one of the adult members of the community. And although it is true that there were presented as exhibits deeds numbers 51 and 52 executed in this city on the 20th of April before notary Benito Forés y Morazo, the first being a will wherein the said Juana López acknowledged as her children the minors named in the partition and declared them to be her sole and universal heirs, and the second being a deed of ratification wherein the said Juana López and Leopoldina Pérez y López, one of the minors who had become of age, ratified the said deed of partition No. 26, such ratification is not good in law because the lack of authorization by the court in a contract made in the names of minors, which must have that requisite, is cured when the minors interested in the contract after becoming of age expressly or tacitly ratify the contract, admitting its validity, and it does not appear that all of the said minors have become of age in order to be able to do so, the said Juana López being, therefore, without capacity to do so for them.—San Germán, May 21, 1921."

Eduardo Pérez López, a natural child of Juana López

and one of the adult heirs, took the present appeal from that decision, praying this court to order the record denied by the registrar.

The decision appealed from shows that the registrar refused to record the transaction because he was of the opinion that it had been shown by documentary evidence that when the deed of consolidation and division of properties was executed Juana López had no *patria potestas* over her children, for which reason the approval of the court was necessary. We understand, however, that the registrar is mistaken in his finding that it was shown by documentary evidence that on the date of the deed of division Juana López had not the representation of the minors, for, on the contrary, it appears by documentary evidence from the birth certificates of the minors that they were acknowledged by Juana López on the respective dates of their registration as her natural children, and although it is true that she did not appear in the registry in order to make these declarations and that another person made them in her name, this does not prevent such declarations from being *prima facie* evidence that the children are her natural children, as was held in the case of *Pabón* v. *Alvarado et al.*, 28 P. R. R. 538; therefore she had the *patria potestas* over the minors whom she represented in the deed of division and it was not necessary to have the authorization of court required by section 413 of the Civil Code in connection with section 1027 of the same code when in the division of properties the father or the mother with *patria potestas* over their children does not take part, and therefore the incurable defect assigned by the registrar does not exist.

The fact that later the mother thought it advisable to acknowledge in her will the said minors and others who were of age as her natural children and executed, together with one of the minors who had become of age, a deed of ratification of the partition, although these acts were not necessary, does not destroy the acknowledgment made in the

birth registrations of the said minors, but gives it more force.

The decision appealed from must be reversed and the record ordered as requested.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Hutchison concurred.